**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**


PATRICK L. SHERMAN
ADC #96304                                                              PLAINTIFF


V.                               4:08CV00229 SWW/JTR


UNITED STATES OF AMERICA                                    DEFENDANTS


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A-149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction, has filed a *pro se*[1] Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2. For the reasons set forth herein, the Court recommends that the Application to Proceed *In Forma Pauperis* be denied, and that the Complaint be dismissed, with prejudice.

_____

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

## II.  Discussion

**A.     Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

Plaintiff is a well established three-striker.  The Court's records demonstrate that he has previously filed *at least three* § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted.[2]  Plaintiff has had *at least thirteen* § 1983 cases that were dismissed pursuant to the three- strikes rule.[3]   Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

---

[2]*See Sherman v. Rhodes,* 5:96CV00365; *Sherman v. Norris,* 5:97CV00405; *Sherman v. Correctional Med. Servs.*, 5:01CV00161.

[3]*See Sherman v. Arkansas Dep't of Corrs.*, 5:07CV00230; *Sherman v. Arkansas Dep't of Corrs.*, 5:07CV00208; *Sherman v. Arkansas Dep't of Corrs.*, 5:07CV00201; *Sherman v. Arkansas Dep't of Corrs.*, 5:07CV00194; *Sherman v. Arkansas Dep't of Corrs.*, 5:07CV00193; *Sherman v. Arkansas Dep't of Corrs.*, 5:06CV00051; *Sherman v. Clark County*, 4:06CV00136; *Sherman v. Norris*, 5:04CV00370; *Sherman v. Davis*, 4:04CV01234 JMM; *Sherman v. Wright*; 4:04CV01207; *Sherman v. Forster*, 4:04CV01320; *Sherman v. Scott*, 5:03CV00294; *Sherman* v. *Arkansas Dep't of Corrs*., 5:02CV00339.

**B.      Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g).  *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious  injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.)  The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury.  *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint, Plaintiff makes the wholly unsupported and far-fetched allegation that unspecified state and federal officials have entered into a conspiracy to kill him.  As so-called evidence of this conspiracy, Plaintiff alleges that these unnamed officials have ruled against him in various unspecified criminal and civil cases.[4]  *See* docket entry #2.  Plaintiff also contends that the Prison Litigation Reform Act and the Antiterrorism and Effective Death Penalty Act are placing his

---

[4]  Plaintiff asserts that he is bringing his claims pursuant to 28 U.S.C. §§ 1983, 1331 and 1334.  However, the plain language of the three-strikes rule states that it applies to any "civil action or appeal" brought in federal court.  *See* 28 U.S.C. § 1915(g).

life in imminent danger because those two statutes have allowed many of his previous § 1983

actions to be dismissed without an evidentiary hearing. *Id.* Finally, Plaintiff challenges prior judicial

determinations, made in other unspecified federal cases, that have held his herpes condition does not

satisfy the imminent danger exception in §1915(g).

Plaintiff's frivolous allegations are a clear attempt to circumvent the three-strikes rule and

collaterally attack unfavorable rulings rendered against him in previous § 1983 actions. Accordingly,

the Court recommends that Plaintiff's *In Forma Pauperis* Application be denied, and the Complaint

be dismissed, with prejudice.[5]

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.       Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) be DENIED,

pursuant to the three-strikes provision set forth in 28 U.S.C. § 1915(g).

2.       The Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, pursuant to

28 U.S.C. § 1915A, as being legally frivolous.

---

[5] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*
appeal from any Order and Judgment adopting this Recommended Disposition would not be taken
in good faith.

Dated this 3rd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE